UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY RAY SADLER,

    Plaintiff,

v.	Case No. 3:14cv544/MCR/CJK

GLENNAL M. VERBOIS, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

    This matter is before the court upon referral from the clerk. Plaintiff, proceeding *pro se*, commenced this case on October 15, 2014, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2). At that time, plaintiff was incarcerated at the Escambia County Jail. On October 27, 2014, the court issued an order granting plaintiff's motion to proceed *in forma pauperis*. (Doc. 4). The order was mailed to plaintiff at the Escambia County Jail but was returned to the clerk as undeliverable (doc. 5). The returned mail indicated the mail could not be forwarded. (*Id.*). In an effort to locate plaintiff, the court reviewed the Florida Department of Corrections website, which identified plaintiff's stated address upon release from custody as 1310 North S. Street, Pensacola, Florida.[1] (Doc. 6). On November 17, 2014, the court directed the clerk to send a copy of the order granting plaintiff's motion to proceed *in forma pauperis*

---

[1] *See* www.dc.state.fl.us/InmateReleases, Florida Department of Corrections, Corrections Offender Network, Inmate Release Information Detail.

and a notice of change of address form to plaintiff at 1310 North S. Street, Pensacola, Florida. (*Id.*). The court advised plaintiff that failure to keep the court informed of his current address could result in dismissal of his complaint. (*Id.*). That mail, however, was also returned as undeliverable and could not be forwarded. (Doc. 7). To date, plaintiff has not contacted the court or provided a current mailing address. Based on the court's inability to contact plaintiff, completion of the preliminary screening process under 28 U.S.C. § 1915(e)(2) or the issuance of any other order would be futile. Moreover, plaintiff's failure to provide accurate contact information casts significant doubt upon his commitment to pursue this case.

Accordingly, it is respectfully RECOMMENDED:

1.   That plaintiff's complaint (doc. 1) be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to keep the court apprised of his mailing address.

2.   That the clerk be directed to close the file.

DONE AND ORDERED this 12th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

*Case No. 3:14cv544/MCR/CJK*